IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

G.E. LANCASTER                    :            CIVIL ACTION
INVESTMENTS, LLC, et al.          :
                                  :
     v.                           :
                                  :
AMERICAN EXPRESS TAX &            :
BUSINESS SERVICES, INC.,          :
et al.                            :            NO. 07-2345

MEMORANDUM AND ORDER

McLaughlin, J.                               September 4, 2007

       This case was removed from state court on grounds of
diversity.  The Court sua sponte questioned whether the parties
were completely diverse and ordered them to submit supplemental
submissions on this question.  Having reviewed the parties'
submissions, the Court will now remand this action for lack of
subject matter jurisdiction.


I.   Background

       The plaintiffs in this case are a group of eighteen
partnerships, corporations, and limited liability companies, as
well as one individual.  They are suing a subsidiary of American
Express, formerly a subsidiary of H & R Block, American Express
Tax and Business Services, Inc. ("AmEx Tax").  They allege AmEx
Tax committed fraud, breach of fiduciary duty, and breach of

contract by preparing tax returns for the plaintiffs based on a false (and allegedly fraudulent) legal opinion letter.

According to the complaint, the plaintiffs made a series of investments designed to reduce the taxes of the plaintiffs' "beneficial owners."  The plaintiffs allege that they and their beneficial owners were induced to make these investments in reliance on an opinion letter created by the law firm of Jenkens & Gilchrist.  Jenkens & Gilchrist recommended that they retain the defendant AmEx Tax to prepare the tax returns for these investments.  (Compl. ¶¶ 4-7)

The plaintiffs contend that the Jenkens & Gilchrist letter was fraudulent and without legal basis.  They further contend that AmEx Tax knew the letter was baseless, but agreed not to inform its clients, including the plaintiffs, of this fact in return for a portion of the Jenkens & Gilchrist's attorneys' fees.  The plaintiffs allege that they filed tax returns with the Internal Revenue Service based on the letter, but that the IRS later disallowed the letter's strategy and made them pay additional tax, plus interest and penalties.  In this suit, the plaintiffs seek to recover the interest and penalties they paid to the IRS.  (Compl. ¶¶ 6-8, 16-18).

II.  Procedural History

        This case was begun in the Court of Common Pleas for
Philadelphia County through a writ of summons issued on December
2, 2004.  The plaintiffs did not file their complaint until two
and a half years later on May 23, 2007.  AmEx Tax filed a notice
of removal nineteen days later on June 11, 2007.

        The plaintiffs filed a motion to remand on July 11,
2007.  The sole ground for remand raised in the motion was that
the removal violated 28 U.S.C. § 1446(b), which provides that "a
case may not be removed on the basis of jurisdiction conferred by
section 1332 of this title more than 1 year after commencement of
the action."

        After the filing of the motion to remand, the Court
ordered the plaintiffs to provide supplemental briefing setting
forth their citizenship.  The Court was concerned that neither
the motion to remand nor the removal papers adequately stated the
citizenship of those plaintiffs who were partnerships and limited
liability companies.

        The plaintiffs filed their supplemental submission on
August 14, 2007.  It stated that the state of incorporation of
the four corporate plaintiffs – GJMD Investors, Inc., RDH
Ridgewood Investors, Inc., SE Mt Pleasant Investors, Inc., and
Spring Mill Investors, Inc. – was Delaware, the same as that of

-3-

the defendant AmEx Tax.[1]  The supplemental submission also showed that SE Mt Pleasant Investors, Inc. was one of the members of one of the partnership plaintiffs, Mt. Pleasant Partners.

AmEx Tax has now responded to the plaintiffs' supplemental submission.  AmEx Tax does not dispute that both it and the corporate plaintiffs are incorporated in Delaware, making them all citizens of that state pursuant to 28 U.S.C. § 1332(c)(1).  Nor does AmEx Tax dispute that the Delaware citizenship of SE Mt Pleasant Investors, Inc. is imputed to the partnership of which it is a member, Mt. Pleasant Partners, making it also a citizen of Delaware.  See Carden v. Arkoma Associates, 494 U.S. 185 (1990) (holding that the citizenship of a partnership is determined by looking at the citizenship of its members).  AmEx Tax also concedes that complete diversity between plaintiffs and defendants is necessary for this Court to have diversity jurisdiction over these claims.  See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  Instead, AmEx Tax contends that complete diversity still exists in this case

---

[1]     The plaintiffs' state court complaint alleged that "[e]ach plaintiff was a limited partnership and a citizen of Pennsylvania."  This averment was facially incorrect, since the names of the plaintiffs on the complaint's caption showed four of the plaintiffs as being incorporated (designated as "[plaintiff name,] Inc.") and two as being partnerships (designated as "[plaintiff name] Partners").  It was not, however, inaccurate as to the plaintiffs' citizenship.  The supplemental submission shows that each plaintiff appears to be a citizen of Pennsylvania.  The corporate plaintiffs and one of the limited liability partnerships, however, are also citizens of Delaware.

-4-

because the corporate plaintiffs and Mt. Pleasant Partners are
nominal parties whose citizenship should be disregard in
determining diversity jurisdiction.


III. <u>The Defendant's Argument for Jurisdiction</u>

AmEx Tax contends that the corporate plaintiffs and Mt.
Pleasant Partners are not real parties in interest to this action
because they were created as part of a strategy to reduce the
taxes of their beneficial owners and because they suffered no
damages.  AmEx Tax contends the true parties in interest are the
plaintiff's beneficial owners.

AmEx Tax contends that this action is "one of many
filed around the country" arising out of the tax strategy created
by the law firm Jenkens & Gilchrist.  AmEx Tax describes the
strategy, in extremely simplified terms, as a means of creating
artificially inflated tax losses that can then be used to offset
a taxpayer's capital gains.  The strategy required the taxpayer
to create single-entity limited liability corporations and wholly
owned corporations to generate and report these tax losses.  AmEx
Tax contends the plaintiffs in this case are the limited
liability corporations, partnerships, and corporations used to
implement this strategy on the part of the plaintiffs' beneficial
owners.  AmEx Tax has attached year 2000 tax returns for each of
the corporate plaintiffs showing that they each reported large

-5-

short-term capital losses consistent with the strategy and that
these losses were allocated entirely to the corporate plaintiffs'
shareholders.

Because these entities were created solely for purposes
of allowing the beneficial owners to engage in this tax strategy,
AmEx Tax contends that, once they disposed of the assets used to
create the claimed tax losses, "the Corporate Plaintiffs had no
assets, business or, for that matter, purpose."  In support of
this contention, AmEx Tax has attached as exhibits corporate
information from the State of Delaware showing that one of the
corporate plaintiffs, GJMD Investors, Inc., is listed as
"dissolved" and two, SE MT Pleasant Investors Inc. and Spring
Mill Investors Inc., are listed as "void."  In addition, AmEx Tax
argues that the corporate plaintiffs suffered no damage because
their tax losses were both artificial and were passed on to and
claimed by the beneficial owners.


IV.  Analysis

Federal courts' diversity jurisdiction must be based on
the citizenship of "real and substantial parties to the
controversy" and must disregard nominal or formal parties.
Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980).  Nominal
parties are those without a real interest in the litigation.
Bumberger v. Ins. Co. of N.A., 952 F.2d 764, 767 (3d Cir. 1991).

-6-

In deciding whether these challenged plaintiffs are real parties in interest to this action, the Court is mindful that removal jurisdiction is to be narrowly construed in favor of the non-removing party, in order to "prevent, <u>inter alia</u>, encroachment on the right of state courts to decide cases properly before them." <u>Spectacor Management Group v. Brown</u>, 131 F.3d 120, 126-27 (3d Cir. 1997).

Cases in the United States Court of Appeals for the Third Circuit that have addressed who constitutes a real party in interest for purposes of complete diversity have generally involved parties whose right to sue is wholly derivative of another's, for example contractual assignees or agents suing on behalf of their principals. <u>See, e.g.</u>, <u>Choi v. Kim</u>, 50 F.3d 244, 246-67 (3d Cir. 1995) (holding that when an attorney files a suit in his own name, but on behalf of a client, the client is the real party in interest); <u>Sanford Inv. Co., INc. v. Ahlstrom Mach. Holdings, Inc.</u>, 198 F.3d 415 (3d Cir. 1999) (holding that a company that had assigned all its rights to enforce payment under an agreement could not be a real party in interest in an action to recover that payment).  The cases cited by AmEx Tax from other courts also all involve claims by parties asserting derivative rights.  <u>See, e.g.</u>, <u>Airlines Reporting Corp. v. S & N Travel, Inc.</u>, 58 F.3d 857, 859, 862 (2d Cir. 1995) (holding that a corporation suing "as a representative of numerous air carriers"

-7-

to collect money owed to the carriers was not a real party in interest and noting that "[w]here a party sues or is sued in a representative capacity . . . its legal status is regarded as distinct from its position when it operates in an individual capacity"); Zee Med. Distributor Ass'n, Inc. v. Zee Med., Inc., 23 F. Supp.2d 1151, 1155 (N.D. Cal. 1998) (holding corporation suing to enforce the contractual rights of its shareholders was not a real party in interest, but noting that "if this case involved the contractual rights of [the corporation], itself, as a corporation, then the diversity inquiry would stop with the citizenship of the named parties.")

In this case, the corporate plaintiffs and Mt. Pleasant Partners are not suing in a representative capacity.  Instead, they all have direct causes of action.[2]  The complaint contends

---

[2]  The evidence that one of these corporate plaintiffs has been dissolved and two have been voided does not appear to affect their right to bring this action or their status as parties in interest.  Under Fed.R.Civ.P. 17(b), a corporation's capacity to sue or be sued is to be determined by the law under which it was organized.  Under Delaware law, a dissolved or expired corporation "shall nevertheless be continued for the term of 3 years from such expiration or dissolution . . . for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them."  8 Del. C. § 278.  With respect to any suit brought before or during this 3-year period, "the corporation shall, solely for the purpose of such action . . . be continued as a body corporate beyond the 3-year period and until any judgments, orders, or  decrees therein shall be fully executed."  Id.  Here, all three dissolved or voided corporations assumed that status no earlier than March 1, 2004, and this suit was filed December 2, 2004, within the three year period.  The Court notes as well, that even if these three corporations were all unable to sue, there would still be at

-8-

that AmEx Tax filed tax returns on the plaintiffs' behalf and
that the plaintiffs were assessed interest and penalties by the
IRS because of those returns.  The plaintiffs' claims for fraud,
breach of fiduciary duty, and breach of contract therefore allege
breaches of duties owed directly to the challenged plaintiffs
whose returns AmEx Tax filed.  Because these plaintiffs seek to
vindicate their own rights, they are real parties in interest to
this suit.

       In reaching this conclusion, the Court notes that at
least two of the prior cases cited in AmEx Tax's brief as arising
out of similar facts and involving the same Jenkens & Gilchrist
opinion letter also included as plaintiffs "the partnerships and
other entities that were formed in connection with, or that
engaged or were utilized in any one or more of the tax
strategies."  See, e.g., Denney v. Jenkens & Gilchrist, 230
F.R.D. 317, 322 n.9 (S.D.N.Y. 2005) (approving class settlement
involving, inter alia, the entities created as part of the tax
strategies at issue), aff'd in part by Denney v. Deutsche Bank
AG, 443 F.3d 253 (2d Cir. 2000); see also Camferdam v. Ernst &
Young, Int'l, Inc., 2004 WL 307292 at *1, *6 (S.D.N.Y. Feb. 13,
2004).

---

least one active corporate plaintiff – RDH Ridgewood Investors,
Inc. – whose presence destroys complete diversity.

Having found that the four corporate plaintiffs – GJMD Investors, Inc., RDH Ridgewood Investors, Inc., SE Mt Pleasant Investors, Inc., and Spring Mill Investors, Inc. – and the partnership plaintiff, Mt. Pleasant Partners, are real parties in interest here, this action lacks complete diversity.  Because these five plaintiffs and the defendant are all citizens of Delaware, this Court lacks subject matter jurisdiction, and the case must therefore be remanded to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

G.E. LANCASTER                    :           CIVIL ACTION
INVESTMENTS, LLC, et al.          :
                                  :
        v.                        :
                                  :
AMERICAN EXPRESS TAX &            :
BUSINESS SERVICES, INC.,          :           NO. 07-2345


ORDER


        AND NOW, this 4th day of September, 2007, upon

consideration of the Plaintiffs' Supplemental Statement of

Citizenship (Docket No. 33), Plaintiffs' Amended Supplemental

Statement of Citizenship (Docket No. 34), and Defendant's

Memorandum in Response to Plaintiffs' Supplemental Statement of

Citizenship (Docket No. 38), IT IS HEREBY ORDERED that, for the

reasons set forth in the accompanying memorandum, the case is

REMANDED to the Court of Common Pleas of Philadelphia County,

Pennsylvania, for lack of subject matter jurisdiction.

        Because the Court is remanding after a sua sponte

investigation of its own jurisdiction and not on the basis of the

arguments raised in the plaintiffs' motion to remand, and to

avoid confusion on the docketed record, the Court will DENY AS

MOOT the plaintiffs' Motion to Remand (Docket No. 29) and the

defendant's Motion to Compel Arbitration and Stay Action (Docket No. 6).

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.

2